MILLER v. BOARD OF REGISTRATION OF NURSES
AND TRAINED ATTENDANTS.

1. PHYSICIANS AND SURGEONS—REGISTRATION OF NURSES—RECIPROC-
ITY—EXPERIENCE.

State board of registration of nurses and trained attendants
was in error in failing to consider fact that plaintiff applicant
for registration as a nurse had had 21 years of experience and
training and experience in departments in which were in-
cluded obstetrics, medicine and surgery since graduation as a
nurse in Indiana as the equivalent of affiliation and in dis-
regarding certificate issued by such State in 1951 at time
hearing on her application was being conducted, where there is
no showing that the then present requirements of Indiana
were inferior to those of this State (CL 1948, §§ 338.351–
338.361).

2. SAME—NURSES—STATUTES—CONSTRUCTION OF RECIPROCITY STAT-
UTES.

Statutory provision for reciprocity of licensing as a registered
nurse where requirements of other State are "deemed * * *
to be equivalent to those of this act, and all amendments there-
to, at the time of said registration or license" indicate the
test to be applied is that of requirements current at time of
application for license in this State rather than at time of
registration in the other State (CL 1948, § 338.353).

3. SAME—NURSES—RECIPROCITY REGISTRATION—STATUTES.

A nurse, having a certificate of registration from a State having
equivalent requirements at the time of hearing on application
for registration in this State, may not be denied registration
in this State arbitrarily nor for any reasons other than those
set forth in statute regulating admission by reciprocity or
necessarily implied therefrom (CL 1948, § 338.353).

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] Generally as to registration of nurses, see 41 Am Jur, Physi-
cians and Surgeons § 14.

Mandamus by Corrine E. Miller against Michigan Board of Registration of Nurses and Trained Attendants to compel the issuance of certificate as registered nurse. Submitted October 31, 1952. (Calendar No. 45,408.)   Writ granted March 10, 1953.

*Robinson, Robinson & Robinson,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Eugene F. Townsend,* Assistants Attorney General, for defendant.

REID, J. Plaintiff filed her petition, with supporting papers attached, for a writ of mandamus to require defendant board to issue to her a certificate as registered nurse. We ordered defendant to show cause why the writ should not issue. Defendant filed its answer to the petition and therewith a return to the order to show cause with exhibits attached. Plaintiff made reply to defendant's answer and return to the order. The matter was submitted as a motion on the pleadings thus filed and briefs of the parties.

The authority, powers and duties of defendant board are set forth in PA 1909, No 319, as amended by PA 1939, No 30 (CL 1948, §§ 338.351–338.362 incl. [Stat Ann and Stat Ann 1951 Cum Supp §§ 14.681–14.692 incl.]).

Section 2 of said act (CL 1948, § 338.352 [Stat Ann 1951 Cum Supp § 14.682]), among other things, contains the following:

"The board [*i.e.* defendant] shall make rules for the purpose of properly carrying out the intent of this act, for the examination, regulation, licensing and registration of nurses and trained attendants, for defining the minimum curricula of schools of nursing; shall provide for the accrediting of schools

of nursing, and shall promote the standards of nursing and nursing education throughout the State."

Section 3 of said act (CL 1948, § 338.353 [Stat Ann 1951 Cum Supp § 14.683]), among other things, contains the following:

"Second, An applicant may be registered and given a certificate of registration as a registered nurse who shall present a certified copy of or a certificate of registration or a license as a registered nurse from another State of the Union where the requirements for registration shall be deemed by the Michigan board of registration of nurses and trained attendants to be equivalent to those of this act, and all amendments thereto, at the time of said registration or license, upon payment of the fee of $15."

On December 15, 1948, defendant board received from plaintiff a formal application for registration as a registered nurse in Michigan, among other things reciting that she resided in Benton Harbor, Michigan, was born April 13, 1906, in Indiana, attended high school 4 years and received a diploma in 1921; attended college in Colorado 6 weeks summer course, also Colorado State Teachers' College, nursing supervision; enrolled in 1927 in Good Samaritan Hospital (St. Joseph Memorial Hospital School of Nursing) at Kokomo, Indiana, and completed a 3-year course in nursing, May 1, 1930; none of her training was secured by affiliation; she had taken certain postgraduate courses as laboratory technician and nursing supervisor between 1930 and 1934; since graduation she had had institutional experience at the Elwood, Indiana, Mercy Hospital, *viz.*, as a laboratory technician 2 years, on general duty 8 years, night supervisor and obstetrics 5 years; she had had 3 years' experience on private duty at Fort Wayne, Indiana, and further experience

since May 1, 1948, as evening supervisor at the Mercy Hospital, Benton Harbor, Michigan.

Defendant board objected to plaintiff's showing as to obstetrics and pediatrics. Some correspondence was had between the parties, and discussion of the suggestion that she pursue further courses in obstetrics and pediatrics in the University of Minnesota Hospital. Plaintiff filed with defendant board a certificate of Indiana for 1951 and, also, a certificate of Illinois for 1951.

A hearing was had on July 19, 1951, before defendant board, on which hearing it appeared that defendant board claimed plaintiff's deficiencies were in the 2 subjects mentioned; that defendant had written plaintiff that if she could submit satisfactory credit for 6 months' supplemental work, 3 in pediatrics and 3 in obstetrics, she would be granted registration in this State. Plaintiff thereupon stressed before the defendant board, that while defendant required a showing of training 3 months each in pediatrics and obstetrics, that plaintiff's showing was in fact that she had such training. Defendant board stressed their requirements of segregated service in the 2 subjects under discussion. On the part of plaintiff, it was shown that there was segregation, obstetrics on the first floor. On the part of the board, it was urged that the hospital in which plaintiff received her training was a small hospital, not having 100 beds, and that affiliation in such case was requisite, *i.e.*, training in another hospital where the requisite amount of experience and training would be acquired.

"*Mr. Robinson* [examining plaintiff]: This particular work was not in a large hospital?

"*Miss Miller* [plaintiff]: Since that particular time, Mercy Hospital at Elwood has 150 beds. I had to supervise obstetrics on the first floor and medicine

and surgery on the second—their daily average was 100 beds. As far as experience, my word, I had complete charge of obstetrics. It was up to me to determine when to call the doctor. I've had plenty of experience. I worked 3 months at South Bend— that's a large hospital, about 200 beds."

Plaintiff's renewal certificates from the State of Indiana for all the years since 1930, and including certificate for 1951, were before the defendant board, also the certificate from the State of Illinois for 1951.

Plaintiff urged that the board grant a Michigan certificate in view of the provisions of the second part of section 3 of the statute hereinbefore quoted, and in view of the certificates presented from Indiana and Illinois in 1951.

The letter of defendant to plaintiff denying her a certificate is as follows:

"July 23, 1951

"Miss Corinne Miller
808 Monroe
Benton Harbor, Michigan

*"Dear Miss Miller:*

"The Michigan board of registration of nurses and trained attendants obtained from the State of Indiana the requirements for registration at the time of your registration in 1930. The board compared them with the requirements of the Michigan board of registration of nurses and trained attendants in effect at that time and upon comparison, one with the other, have found the Indiana requirements to be lower and not equivalent to those of Michigan as provided by PA 1909, No 319, as amended. Therefore your application for a certificate as a registered nurse under #6806,* section 3, subsection 2, of said act, is denied.

---

* CL 1929, § 6806, as amended by PA 1939, No 30, is CL 1948, § 338.353.—Reporter.

"In making this decision the board considered also that since your original application was made in 1948 you had obtained from the State of Illinois on or about April 18, 1951, a certificate of registration in that State without examination, purely as a matter of reciprocity by the State of Illinois, and that therefore the qualifications and requirements for registration in Indiana in 1930 still controls the decision made on your application in the State of Michigan. Therefore they are still not equivalent to the qualifications and requirements of the Michigan board of registration of nurses as required pursuant to PA 1909, No 319.

"Very truly yours,
"Sister MARY XAVIER KINNEY, R.N.
"Chairman—MARY M. ANDERSON, R.N.
"Exec. Secretary."

Defendant board explicitly ruled that plaintiff's 21 years of experience and training since her graduation in 1930 could not be considered, nor even her experience in charge of departments in which departments there were included obstetrics, medicine and surgery, in a hospital of 150 beds and an average of over 100 patients daily; her experience in such hospital was not considered by defendant as equal to affiliation. We cannot overlook the great advance in therapy in the period 1930 to 1951.

Defendant was in error in disregarding the certificate of Indiana of 1951 issued to plaintiff. There is nothing in the record which requires that it be disregarded as showing plaintiff's standing at the time defendant board was conducting the hearing. There was no showing that the then present requirements of Indiana were inferior to those of Michigan. The comparative requirements of Michigan and Indiana in 1951 are to be considered as the test instead of the comparative requirements of Michigan and Indiana in 1930. The words in the second part

of section 3 of the statute as above quoted, "equivalent to those of this act, and *all amendments thereto, at the time of said registration or license,*" (Italics supplied.) are considered to indicate such later test.

A nurse, having a certificate of registration from a State having equivalent requirements at the time of hearing, may not be denied registration in Michigan arbitrarily nor for any reasons other than those set forth in the statute referred to or necessarily implied therefrom.

It was and is defendant's duty to issue to plaintiff the certificate for which she applied. A writ will issue, if necessary, requiring defendant to issue the certificate. Costs to plaintiff.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.